# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

In the Matter of:  }
                   }
ALDEN R. EDWARDS   }  CASE NO.  15-81172-CRJ-7
SSN:   XXX-XX-2266  }
                   }  CHAPTER 7


In the Matter of:  }
EDWARDS SPECIALTIES, INC.  }  CASE NO.  15-81961-CRJ-7
                   }
                   }  CHAPTER 7
        Debtor(s).  }

EDWARDS SPECIALTIES, INC.  }  A.P. No.  15-80083-CRJ-7
                   }
                   }
        Plaintiff(s),  }
    v.             }
                   }
OLIVE PROPERTIES, INC.  and  }
DENNIS OLIVE,      }
                   }
        Defendant(s).  }


## MEMORANDUM OPINION

On February 16, 2016, this Adversary Proceeding came before the Court for Telephonic Status Conference on Plaintiff's Motion to Compel and Motion to Continue.  After the Status Conference, the Court entered an Order granting the Plaintiff's Motion to Compel and Motion to Continue, vacating the deadline to file Motions for Summary Judgment,  and directing the parties to file briefs addressing the setoff issues discussed in open court.

This Adversary Proceeding is now before the Court on the Plaintiff's Motion for Summary Judgment, the Plaintiff's Brief in Support of Motion for Summary Judgment, and the Defendants'

Brief on Issue of Setoff. The Court having reviewed the pleadings and the applicable law, and for the reasons set forth below, finds that Dennis Olive ("Olive") is entitled to setoff the judgment Edwards Specialties, Inc. holds against Olive Properties, Inc. and Olive by the face value of the judgments Olive holds against Edwards Specialties, Inc. and Alden R. Edwards. Olive is not entitled to setoff the amount of the judgments he obtained against Alden R. Edwards as the guarantor for My Son's Land Company, Inc., Stillwater-Whitt, LLC, and Land Specialties, Inc. because these judgments lack mutuality for purposes of 11 U.S.C. § 553.

## I.      SUMMARY JUDGMENT STANDARD

In deciding a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, as made applicable to Adversary Proceedings pursuant to Fed. R. Bankr. P. 9014 and 7056, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); *See also* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986); Hyman v. Nationwide Mut. Fire Ins. Co., 304 F.3d 1179, 1185 (11th Cir. 2002).

In determining whether there is a genuine issue of material fact, the evidence and all factual inferences must be viewed by the Court in the light most favorable to the party opposing summary judgment, and all reasonable doubts about the facts must be resolved in favor of the nonmoving party. Acevedo v. First Union Nat. Bank, 476 F.3d 861, 865 (11th Cir. 2007); Andreini & Co. v.

2

<u>Pony Express Delivery Servs., Inc. (In re Pony Express Delivery Servs., Inc.)</u>, 440 F.3d 1296, 1300 (11th Cir. 2006).

The moving party bears the initial burden of showing that there is no genuine issue of material fact to be decided at trial. <u>Celotex Corp.</u>, 477 U.S. at 323. When the moving party has satisfied its burden, the nonmoving party cannot rest upon the pleadings. Instead, the nonmoving party must go beyond the pleadings and demonstrate by affidavit or other appropriate means that there is a genuine issue of material fact for trial. <u>Marathon Petroleum Co., LLC v. Cohen (In re Delco Oil, Inc.)</u>, 599 F.3d 1255, 1257 (11th Cir. 2010). Further, "[a] moving party is entitled to summary judgment if the nonmoving party has 'failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" <u>In re Delco Oil, Inc.</u>, 599 F.3d at 1257 (quoting <u>In re Walker</u>, 48 F.3d 1161, 1163 (11th Cir. 1995)).

## II. FACTUAL AND PROCEDURAL HISTORY

The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052. To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. Further, to the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

1.     On April 29, 2015, Alden R. Edwards ("Edwards") filed his individual petition for relief under Chapter 7 of the Bankruptcy Code. Edwards listed "Dennis Olive, as Assignee of N Al Bank" as a secured creditor in the amount of $4,150,420.03. ECF No. 15. On October 26, 2015, Dennis Olive filed a secured proof of claim in Edwards' case in the amount of $4,253,900.86.

3

2. Edwards is the sole shareholder and owner of Edwards Specialties, Inc. (Edwards Specialties). On July 23, 2015, the Chapter 7 Trustee in his personal case filed a Chapter 7 petition on behalf of Edwards Specialties.

3. On July 28, 2015, the Trustee filed a Motion for Joint Administration of Two Related Bankruptcy Cases. The Trustee reported that the vast majority of the liabilities listed in Edwards' schedules were business related debts. The Trustee sought joint administration of the cases, in part, because Edwards Specialties' assets were subject to garnishment or seizure by individual creditors without bankruptcy protection. On August 6, 2015, the Court entered an Order approving the Trustee's Motion for Joint Administration of the bankruptcy cases, but not the substantive consolidation of the cases.

4. On October 2, 2015, the Trustee filed a Notice of Removal pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure of a Complaint filed by Edwards Specialties on October 9, 2007 in an action styled *Edwards Specialties, Inc. v. Olive Properties, Inc. and Dennis Olive,* in the Circuit Court of Madison County, Alabama, case number CV-2007-900609-MGG in which the issue of setoff under Alabama law was pending.

5. In the Circuit Court action, Edwards Specialties alleged the Defendants breached a contract that obligated Olive Properties, Inc. ("Olive Properties") to purchase residential lots developed by Edwards Specialties. Olive personally guaranteed the contract. On January 14, 2013, the Circuit Court entered summary judgment in favor of Edwards Specialties and against the Defendants in the amount of $1,243,589.48. The Circuit Court subsequently

4

entered an Order on Plaintiff's Motion for Approval of Attorney's Fees increasing the judgment to the total amount of $1,735,944.24. ECF No. 19, Ex. A.

6. On May 30, 2014, Olive filed a Motion for Set-Off Judgment in the Circuit Court action seeking to setoff judgments he obtained against Edwards Specialties and Edwards dated July 22, 2010 in the original total amount of $796,589.98. Olive obtained the judgments from North Alabama Bank by Assignment dated May 29, 2014.

7. On July 22, 2010, North Alabama Bank obtained a judgment in an action styled *North Alabama Bank v. My Son's Land Company Inc., Stillwater-Whitt, LLC, Land Specialties, Inc., Edwards Specialties, Inc. and Alden Edwards*, in the Circuit Court of Madison County, Alabama, case number 47-CV-2010-900270. The bank sought to collect deficiencies owed on various notes executed by the defendants. Edwards personally guaranteed each of the notes. ECF No. 19, Ex. D.

8. The Circuit Court entered summary judgment in favor of North Alabama Bank and against the various Defendants as follows:

    a. My Son's Land Company, Inc. and Alden R. Edwards in the amount of $85,243.47 and attorney's fees in the amount of $21,310.87;

    b. Stillwater-Whitt, LLC and Alden R. Edwards in the amount of $751,972.80 and attorney's fees in the amount of $187,993.20;

    c. Land Specialties, Inc. and Alden R. Edwards in the amount of $675,880.58 and attorney's fees in the amount of $168,970.14;

    d. Edwards Specialties, Inc. and Alden R. Edwards in the amount of $272,664.13 and attorney's fees in the amount of $68,166.03; and

5

e. Edwards Specialties, Inc. and Alden R. Edwards in the amount of $364,607.86 and attorney's fees of $91,151.96.

ECF No. 19, Ex. B.

9. On August 6, 2010, North Alabama Bank recorded two Certificates of Judgment against Edwards Specialties in the total amount of $796,589.98. ECF No. 18, Ex. 2.

10. Aspen Homes, LLC ("Aspen Homes") is an Alabama limited liability company solely owned by Olive through which Olive constructs residential houses. On May 14, 2014, Aspen Homes entered into a Financed Sales Contract ("Purchase Contract") with North Alabama Bank for the purchase of multiple lots owned by the bank for $450,000. The Financed Sales Contract provides that the contract is contingent "upon a partial assignment of judgment(s) for $2,200,000 held by North Alabama Bank against Edwards Specialties and/or related debtor for the benefit of Dennis Olive." ECF No. 19, Ex. E.

11. On May 29, 2014, North Alabama Bank and Olive executed two documents, an Agreement for the assignment of North Alabama Bank's judgment and an Assignment of Judgment Without Recourse assigning North Alabama Bank's judgment against Alden Edwards and related entities to Olive.

12. The Assignment of Judgment Without Recourse provides as follows:

For and in consideration of Ten and 00/100 Dollars ($10.00), and other valuable consideration the receipt and sufficiency of which is hereby acknowledged, the undersigned NORTH ALABAMA BANK ("Assignor"), does by these presents sell, assign, set-over, transfer and convey unto DENNIS OLIVE ("Assignee"), without recourse, the right, title, interest, claim and demand in and to those certain Judgments recovered of Alden R. Edwards and/or Edwards Specialties, Inc.; (1) Judgment received on July 22, 2010 in the amount of $2,687,961.04, plus costs, a Certificate of which was recorded in the Office of the Judge of Probate of Madison County, Alabama, on the 6th day of August, 2010, in Instrument No.: 20100806000440860; and (2) the Judgment recovered of Edwards Specialties, Inc. on July 22, 2010, in the

6

amount of $340,830.16, a Certificate of which was recorded in the Office of the Judge of Probate of Madison County, Alabama, on the 6th day of August, 2010, in Instrument No.: 20100806000440840, plus the additional Judgment amount of $455,759.82, which together both Judgments equal $796,589.98.

ECF No. 18, Ex. 5.

13.    The Agreement further provides in part:

WHEREAS, Purchaser, who is owned by Assignee, has entered into a Financed Sales Contract with Assignor dated May 14, 2014, whereby Purchaser will purchase certain lots owned by Assignor; and

WHEREAS, the parties desire to incorporate their agreements in writing.

NOW, THEREFORE, in consideration of the premises, and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. Assignor shall assign to Assignee the judgments referenced in Exhibit "A;"

2. Assignee may utilize the judgments in their entirety to satisfy the judgment obtained by Edwards Specialties against Dennis Olive individually and/or Olive Properties, Inc. ("the Olive Entities"). Provided, however, upon satisfaction of the judgment against the Olive entities, any additional amounts obtained in cash or other assets over and above the $1.6 million, less all expenses including costs and attorneys' fees ("Net Proceeds"), will be split by Assignee and Assignor. To be clear, if the judgments hereby assigned are utilized to obtain a satisfaction in its entirety of the one million six hundred thousand and 00/100 ($1,600,000) judgment against the Olive Entities, no money will be owed to North Alabama Bank. If, however, any amount remains owing by Alden Edwards and/or Edwards Specialties, Inc. after satisfaction of the $1.6 million dollar judgment, the Assignee may or may not proceed to collect the amount still owed. If any amount is collected, over and above the satisfaction, the parties will split the net proceeds as discussed above.

3. Purchaser will cause Aspen Homes, Inc.[1] to follow through and complete the purchase of the lots as set forth in the Financed Sales Contract entered into between the parties on May 14, 2014.

---

[1]    The Court recognizes the Agreement provides for "Aspen Homes, Inc." to complete the purchase of lots as set forth in the Financed Sales Contract. This appears to be a typographical error as "Aspen Homes, LLC" is the Purchaser under the terms of the Financed Sales Contract. Neither party has raised the error as an issue.

7

ECF No. 18, Ex. 5.

## III.    ARGUMENTS

Edwards Specialities alleges that the assignment is not supported by valid consideration and cannot be used to setoff Olive's obligations to Edwards Specialties.   In the event the Court determines the assignment is valid, Edwards Specialties asserts the judgments lack mutuality under 11 U.S.C. § 553.   Alternatively, Edwards Specialities urges the Court to apply the analysis in the case of In re Fisker Auto Holdings, Inc., 510 B.R. 55 (Bankr. D. Del. 2014) to either deny or limit setoff to the amount Olive paid North Alabama Bank for the assignment. The judgment Edwards Specialties holds against the Defendants comprises 88% of the Debtor's scheduled assets in his Chapter 7 case.  With liabilities in excess of $20 million,  creditors will receive very little of what they are owed and even less if Olive is permitted to setoff his obligation to Edwards Specialties with the assigned judgments.

Olive counters that he is entitled to setoff any judgment he owes Edwards by the face value of all judgments he obtained from North Alabama Bank.  Olive argues that the ruling in In re Fisker Auto Holdings, Inc. is inapplicable to the circumstances of this case as the decision has been limited to situations involving credit bids.  In addition, the right of setoff has been codified under ALA. CODE § 6-8-80 and nothing under that statute allows or directs courts to look behind the face value of judgments to determine the amount eligible for offset.

## IV.    CONCLUSIONS OF LAW

### a.    Setoff Pursuant to 11 U.S.C. § 553(a).

Setoff under 11 U.S.C. § 553 "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." Citizens Bank of Md. v. Strumpf, 516 U.S. 16, 18 (1995)(quoting Studley v. Boylston Nat. Bank, 229 U.S. 523 (1913)); *See also* Dzikowski v. Northern Trust Bank of Florida, N.A. (In re Prudential of Florida Leasing, Inc.), 478 F.3d 1291, 1297 (11th Cir. 2007)(quoting In re Patterson, 967 F.2d 505, 508-09 (11th Cir. 1992))("Setoff [under section 553] is an established creditor's right to cancel out mutual debts against one another in full or in part . . . to avoid 'the absurdity of making A pay B when B owes A.'"). According to Black's Law Dictionary, setoff is defined as a "defendant's counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim." Black's Law Dictionary (10th ed. 2014).

Although the Bankruptcy Code does not create a federal right of setoff, the right to setoff mutual debts is preserved by § 553 where it existed prepetition under applicable non-bankruptcy law. Citizens Bank of Md. v. Strumpf, 516 U.S. 16, 20 (1995); Brook v. Bank USA, N.A. (In re Acosta-Garriga), 556 Fed. Appx. 787, 789 (11th Cir. 2014); In re Prudential of Florida Leasing, Inc., 478 F.3d 1291, 1297 (11th Cir. 2007)(explaining that substantive law, usually state law, determines the validity of the right of setoff under the Bankruptcy Code). Section 553 of the Bankruptcy Code states as follows:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that–
>
> (1) the claim of such creditor against the debtor is disallowed;
>
> (2) such claim was transferred, by an entity other than the debtor, to such creditor –

9

(A) after the commencement of the case; or

(B)(i) after 90 days before the date of the filing of the petition;

   (ii) while the debtor was insolvent . . .; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor–

(A) after 90 days before the date of the filing of the petition; and

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor . . . .

11 U.S.C. § 553(a).

The plain and unambiguous language of § 553(a) preserves any right of setoff a creditor "'may have under applicable nonbankruptcy law,' and 'imposes additional restrictions on a creditor seeking setoff' that must be met to impose a setoff against a debtor in bankruptcy.'" In re Semcrude, L.P., 399 B.R. 388, 393 (Bankr. D. Del. 2009). Thus, a creditor must have both an independent right of setoff under applicable non-bankruptcy law, and further satisfy the additional requirements imposed under § 553(a). In re McKay, 420 B.R. 871, 877 (Bankr. M.D. Fla. 2009).

In Woodrum v. Ford Motor Credit Co. (In re Dillard Ford, Inc.), 940 F.2d 1507, 1512 (11th Cir. 1991), the Eleventh Circuit stated that § 553(a) imposes three requirements for setoff: (i) the debtor and creditor must owe each other mutual debts; (ii) the mutual debts must have arisen before the commencement of the case; and (iii) the setoff cannot fall within one of the three exceptions listed in § 553(a)(1)-(3). In the case before this Court, the exceptions to setoff under § 553(a)(1)-(3) are inapplicable: (1) Olive's claim has not been disallowed; (2) Olive obtained the assigned judgments from a third party on May 29, 2014, more than 90 days prior to the commencement of the case; and (3) Olive became indebted to Edwards Specialties on January 14, 2013 more than 90

10

days prior to the commencement of the case. Accordingly in this case, the Court must determine whether Olive enjoys an independent right of setoff under Alabama law, and whether the prepetition debts are mutual for purposes of § 553.

**b.     To the extent the judgments are mutual, Olive enjoys an independent right of setoff under ALA. CODE § 6-8-80 as the Assignment and underlying Agreement between North Alabama Bank and Olive were supported by sufficient and valuable consideration.**

Alabama law permits one judgment to be setoff against another judgment pursuant to ALA. CODE § 6-8-80 (1975), which provides that "[j]udgments may be set off against each other by a district or circuit court on motion." The Alabama Supreme Court has stated that "[t]he effect of [this] statute was to make the set-off of mutual judgments 'a clear legal right, not dependent on the grace of the court,' nor upon general considerations of equity." Ex parte Cooper, 103 So. 474, 475 (Ala. 1925); *See also* Head v. S. Deve. Co., 614 So.2d 1044, 1047 (Ala. 1993)(stating setoff is "based on the principle that natural justice and equity require that the demands of parties mutually indebted be set off against each other. . .").

In order to have a valid assignment under Alabama law, "the assignor must indicate the intention to presently assign his property rights to the assignee." W&J Propane Gas, Inc. v. Casey Propane Gas Co., 1987 WL 43352 *3 (M.D Ala. 1987). "There is no requirement that magical words be used to accomplish an assignment, and an assignment may be written, parol, or otherwise." Atkins v. GE Capital Mortg. Servs., Inc., 993 F. Supp. 1406, 1415 (M.D. Ala. 1998). The test "is whether the purported assignor intended to transfer a present interest in the subject matter of the contract." *Id.* Here, based upon the plain language of the related documents there is no question that North Alabama Bank intended to transfer the assigned judgments to Olive.

11

Edwards Specialties argues instead that Olive does not enjoy an independent right of setoff under Alabama law because the Assignment and underlying Agreement between North Alabama Bank and Olive fail for lack of consideration. An assignment "must be founded on a valuable consideration, to impart to it validity against *existing creditors*." Reynolds v. Collins, 78 Ala. 94, 98 (Ala. 1884)(emphasis added). The Alabama Supreme Court explained in Reynolds v. Collins, 78 Ala. 94, 98 (Ala. 1884) that in the absence of evidence of an attaching creditor's debt being antecedent to the making of an assignment, and in the absence of evidence of fraud, the assignee's superiority of right is shown by proof of the assignment's legal and authorized execution. In such case, the recitals of the assignment constitute *prima facie* evidence of sufficient consideration. The recitals of the assignment have the "same force and effect between the parties, and is operative against strangers who have no interest, and no right to impeach its validity, as if supported by a valuable consideration." *Id.* Here, Edwards Specialties was not an existing creditor of North Alabama Bank at the time of the assignment. Edwards Specialities is a stranger to the assignment and has no right to impeach the validity of the assignment. Accordingly, the recitals of the assignment constitute *prima facie* evidence of sufficient consideration as between North Alabama Bank and Olive.

Alternatively, to the extent consideration must be proven by other evidence, the Court finds sufficient and valuable consideration was given as the Assignment and Agreement provide that upon satisfaction of the judgment against the Olive entities, any additional amounts obtained over $1.6 million, less expenses, will be divided by North Alabama Bank and Olive. In the case of Medical Center, Inc. v. NCRIC, Inc. (In re Columbia Hosp. For Women Medical Center, Inc.), 461 B.R. 648 (Bankr. D.C. 2011), the Chapter 11 debtor-hospital filed an adversary proceeding against

12

its judgment debtor seeking payment, and the judgment debtor asserted a right of setoff as assignee of a third-party judgment against the debtor. The bankruptcy court determined that the Assignment was made for valuable consideration where the assignee agreed to pay additional consideration in the form of one-half of the gross amount of all sums recovered under the judgment. This additional consideration represented the true economic component of the bargain between the parties.

In that case, the debtor argued that the assignee was aware on the date of the assignment that the debtor had no assets with which to satisfy claims, and thus, the assignment was not supported by consideration since recovery was not truly anticipated. The bankruptcy court in Columbia Hospital rejected this argument and found that even if both the assignor and assignee recognized the prospect of recovery was remote, that was not sufficient to render the assignment without valuable consideration because the judgment in the assignee's hands, nonetheless, had the potential for value. Here, the Court finds the agreement between Olive and North Alabama Bank to divide any recovery in excess of $1.6 million constituted sufficient and valuable consideration as the recited consideration had the potential to generate value, even if remote.

In addition, the Court finds that the assignment was supported by sufficient and valuable consideration in the form of Olive's promise to cause Aspen Homes to complete the purchase of lots from North Alabama Bank. Edwards Specialties argues that the Purchase Contract between Aspen Homes and North Alabama Bank and the Assignment between the bank and Olive are two separate and distinct agreements requiring separate and distinct consideration. It further argues that Olive's agreement to cause Aspen Homes to perform is not valid consideration for the Assignment according to Edwards Specialties because Aspen Homes is a separate legal entity and Olive's promise to make Aspen Homes perform is merely an unenforceable gratuitous promise. Further, Edwards Specialties

argues that the promise will cause no detriment to Olive if Aspen Homes fails to perform because the bank's only remedy is against Aspen Homes.

Edwards Specialties cites the cases of <u>Fant v. Champion Aviation, Inc.</u>, 689 So. 2d 32, 37 (Ala. 1997) and of <u>Files v. Schaible</u>, 445 So. 2d 257, 260 (Ala. 1984) in support of its arguments under Alabama law. In the case of <u>Files v. Schaible</u>, the Alabama Supreme Court explained "[a]dequate consideration exists, or is implied if it arises from any act of the plaintiff from which the defendant derived a pecuniary benefit . . . if such act was performed by the plaintiff to the desired end, with the expressed or implied assent of the defendant." In that case, the plaintiff filed an action against the defendant to recover damages based on the defendant's alleged violation of a covenant not to compete contained in the parties' purchase contract. The defendant argued that the non-compete provision was not enforceable because the purchase contract did not include specific consideration for the covenant. The Alabama Supreme Court determined that adequate consideration existed because the plaintiff would not have entered into the purchase contract absent the covenant not to compete. The Court wrote, "[t]hat which creates and carries a benefit to the party promising, or causes trouble, injury, inconvenience, prejudice, or detriment to the other party, is sufficient consideration." *Id.*

In the case of <u>Fant v. Champion Aviation, Inc.</u>, 689 So. 2d 32, 37 (Ala. 1997), the Alabama Supreme Court further explained consideration must be present when a contract is made and "the requirement of consideration means that a gratuitous promise is not enforceable." However, the Alabama Supreme Court concluded that a promise to perform given in exchange for a promise to pay "with both parties benefitting from the exchange of promises" constituted sufficient consideration despite the fact that the money had not yet been paid. *Id.*

14

In the case before the Court, the assignment is supported by adequate consideration as both parties benefitted from the exchange of promises where North Alabama Bank agreed to assign the judgments to Olive and Olive agreed to cause Aspen Homes, as the entity's sole member, to perform under the Purchase Contract. Further, had Aspen Homes failed to perform under the Purchase Contract, the contract provided that North Alabama Bank would be entitled to proceed against Aspen Homes for the recovery of damages including specific performance and attorney's fees. Although the bank's legal remedy would have been against Aspen Homes, any action against the entity would certainly cause "trouble, injury, inconvenience, prejudice, or detriment" to Olive as the sole member of that entity.

Accordingly, for the reasons set forth herein, the Court finds that Olive enjoys an independent right of setoff under Alabama law pursuant to ALA. CODE § 6-8-80 (1975) because the Assignment and underlying Agreement between him and North Alabama were supported by sufficient and adequate consideration.

**c.      To the extent mutuality exists, Olive is entitled to setoff the face value of the Assigned Judgments.**

Edwards Specialties argues that it would be inequitable to allow Olive to exercise the right of setoff as a third party assignee of North Alabama Bank to the detriment of all other creditors. Edwards Specialties seeks to either disallow setoff in its entirety or limit setoff to the amount Olive paid for the assignment, relying on the case of In re Fisker Auto Holdings, Inc., 510 B.R. 55 (Bankr. D. Del. 2014) in which the bankruptcy court held that a creditor that purchased a secured $168 million loan for $25 million was not entitled to credit bid the entire $168 million claim in the sale of the debtor's assets. In Fisker, the bankruptcy court limited the amount of the credit bid, "for

15

cause" under 11 U.S.C. § 363(k) to the extent of $25 million finding bidding would not only be chilled without the cap; bidding would be frozen.

The Court finds the analysis in <u>Fisker</u> limiting a credit bid under § 363(k) "for cause" to be inapplicable in this case. Under Alabama law, the right to setoff mutual judgments is a "'clear legal right, not dependent on the grace of the court,' nor upon general considerations of equity." <u>Hambrick v. Town of Albertville</u>, 155 So. 87, 90 (1934)(quoting <u>Ex Parte Cooper</u>, 103 So. 474, 475 (1925)). Thus, the equitable leeway to limit a credit bid pursuant to § 363(k) "for cause" is not applicable or available under the Alabama law for setoff.

Although setoff is not absolute under § 553, the Court finds that Edwards Specialties has not satisfied its burden under the circumstances of this case for the Court to exercise its discretion to deny or limit setoff as urged by Edwards Specialties. In the case of <u>Brook v. Chase Bank USA, N.A. (In re Acosta-Garriga)</u>, 566 Fed. Appx. 787 (11th Cir. 2014), the Eleventh Circuit held that a bankruptcy court acted well within its discretion in refusing to allow a credit card company to setoff a prepetition credit card debt which had been discharged in the debtor's Chapter 7 bankruptcy against an obligation the company owed the debtor under the Florida Consumer Collection Practices Act ("FCCPA") the purpose of which is to deter bad collection practices. The Eleventh Circuit affirmed the bankruptcy court's determination that it would be inequitable to permit the creditor to setoff the FCCPA obligation because it would allow the creditor "to take illegal action without consequence." *Id.* at 790.

In the case before this Court, it has not been alleged that Olive has engaged in any illegal conduct. Edwards Specialties merely asserts that creditors will receive little if anything in this case if Olive is allowed to setoff the assigned judgments because the Debtor's judgment against Olive

16

constitutes 88% of the assets of this estate.   In the case of  Securities Exchange Commission v.  Elliott, 953 F.2d 1560, 1572 (1992), the Eleventh Circuit recognized the strong federal policy toward allowing setoff in the absence of compelling circumstances, stating "there is practically a presumption in favor of allowing setoff." The Eleventh Circuit rejected the plaintiff's argument that setoff would create a preference to other creditors, writing:

> The Receiver's argument has been rejected repeatedly for almost a century.  As early as 1892, the United States Supreme Court recognized that if a debtor has a valid right to a setoff, it is not a preference. *Scott v. Armstrong*, 146 U.S. 499.  13 S.  Ct.  148, 36 L. Ed.  1059 (1892).  Despite having the effect of a preference, a setoff is a long-recognized right and is generally favored. . . . . Equity's general principal of equality among creditors is not an appropriate consideration when considering whether to grant setoff, which is itself equitable in origin. . . . Thus, if the Receiver is to prevail, he must do more than argue that [defendant] is being treated better than other creditors.

> A claimant is not treated better in the eyes of the law if the controlling facts surrounding his or her case lead to a different legal conclusion.  To argue that all claimants should be treated similarly, without presenting facts, is an empty argument.

 Securities Exchange Commission v.  Elliott, 953 F.2d at 1573.

Although creditors may receive significantly less in this case, the Court finds that Olive is entitled to exercise the right of setoff, inter alia, given the strong federal policy toward allowing setoff in the absence of other compelling circumstances.

**d.**    **Mutuality exists to the extent the assigned judgments were entered against Edwards Specialties and Edwards,  jointly and severally.**

Edwards Specialties argues that the judgments assigned by North Alabama Bank to Olive lack mutuality on three grounds: (1) a direct obligation from Edwards Specialties does not exist

17

because Olive took the judgments by assignment; (2) of the total judgments, $1,891,371.06 does not involve Edwards Specialties at all; and (3) a third party, Alden R. Edwards, is jointly liable on the judgments with Edwards Specialties.

"Courts are generally 'in agreement that an assignment of rights can create mutuality for setoff purposes.'" Medical Center, Inc. v. NCRIC, Inc. (In re Columbia Hospital for Women Medical Center, Inc., 461 B.R. 648, 666 (Bankr. D.C. 2011). In Columbia Hospital, the bankruptcy court considered whether mutuality existed where a judgment debtor sought to setoff an assigned third party judgment against the judgment debt. The debtor sought turnover of the balance of a state court judgment entered against the defendant in the original amount of $18,220,022. The defendant turned over all amounts due under the judgment except $239,044.33 and asserted a right to setoff the judgment balance against amounts the debtor owed under a separate judgment that had been assigned to the defendant. The bankruptcy court rejected the debtor's mutuality argument and found that the defendant had the absolute authority to enforce the assigned judgment in its own behalf. An absolute assignment does not destroy mutuality. Accordingly, Edwards Specialties' first argument regarding lack of mutuality fails.

While the Bankruptcy Code does not define the term mutuality for purposes of § 553, the mutuality of debts requirement is generally considered satisfied when the debts "are between the same parties acting in the same capacity." FDIC v. The Colonial BancGroup, Inc. (In re The Colonial BancGroup, Inc.), 2012 WL 12878 *4 (M.D. Ala. 2012). For mutuality to exist, the general rule is that "'each party must own his claim in his own right severally, with the right to collect in his own name against the debtor in his own right and severally." In re Semcrude, L.P., 399 B.R. 388, 393 (Bankr. D. Del. 2009)(explaining triangular setoff is not allowed under the Code

where a creditor seeks to setoff a debt it owes to one corporation against funds owed to it by another corporation).   Here, to the extent the assigned judgments were not entered against Edwards Specialties, mutuality clearly does not exist for purposes of § 553(a).  Thus, Olive is not entitled to setoff the assigned judgments to the extent they were entered against My Son's Land Company, Inc., Stillwater-Whitt, LLC, and Land Specialties, Inc. together with Edwards jointly and severally.

Olive is, however, entitled to setoff the assigned judgments against Edwards Specialties and Alden Edwards, which are owed jointly and severally.   In the case of In re Chestnut Co., Inc., 39 B.R. 519 (Bankr. S.C. 1984), the bankruptcy court determined mutuality existed where the Chapter 11 debtor maintained a checking account with the creditor bank and the debtor's principals, jointly and severally, guaranteed a note executed by the debtor in favor of the bank.  The issue was whether the debt owed to the bank by the debtor and the bank's obligation to pay on demand from the sums held in the debtor's checking account were mutual obligations.  The debt owed to the bank was a joint and several obligation of the debtor and its principals who signed as guarantors while the debt owed by the bank to the debtor was owed to the debtor alone.   The bankruptcy court held that the debts were mutual because the bank had the right to collect the amount due on the note from the debtor alone as the bank had the choice of collecting from the debtor as the principal obligor or from any one of the guarantors.  The bank was allowed to setoff the debtor's account balance against the outstanding debt on the defaulted note.

According to Black's Law Dictionary, joint and several liability is defined as a "[l]iability that may be apportioned either among two or more parties or to only one or a few select members of the group, at the adversary's discretion . . . each party is individually responsible for the entire obligation, but a paying party may have a right of contribution or indemnity from nonpaying

19

parties." <u>Black's Law Dictionary</u> (10th ed. 2014). Under Alabama law "joint tortfeasors are those who act together in committing wrong, or whose acts if independent of each other, unite in causing a single injury." <u>FDIC v. Hall</u>, 2014 WL 6909464 * 5 (M.D. Fla. 2014)(quoting <u>Ex parte Barnett</u>, 978 So. 2d 729, 733 (Ala. 2007)). "If damage results from concurrent, wrongful acts of two or more tortfeasors, they may be sued jointly and severally and the act of each may be counted on as the proximate cause of the injury." *Id.*

Under Alabama law, where the defendants are jointly and severally liable, a claim by one defendant may properly be asserted as a setoff. <u>Depoyster Lumber Co. v. Commercial Lumber Co.</u>, 104 So. 798 (Ala. 1925)(explaining under Alabama's statute of setoff it has always been held that a debt due to one of several joint defendants may be setoff against a plaintiff's demand); <u>Craft v. Craft</u>, 95 So. 901, 902 (Ala. 1923)(in an action in trespass where the defendants were jointly and severally liable, finding a like claim for damages by one defendant against the plaintiff could be asserted as setoff); <u>Andrews v. May</u>, 168 So. 2d 619 (Ala. 1964)(explaining two judgments, one for plaintiffs, and the other in favor of the defendant against them should be setoff).

Here, Olive and Olive Properties are jointly and severally liable under the judgment Edwards Specialties holds against the Defendants for breach of contract. Likewise, Edwards and Edwards Specialties are jointly and severally liable under the assigned judgments held by Olive. Under Alabama law, the judgments are mutual for purposes of setoff.

**V.    CONCLUSION**

For the foregoing reasons, the Court finds that all requirements for setoff under § 553 are satisfied in this case. There are no genuine issues of fact to be decided at trial. Olive enjoys an independent right of setoff under Alabama law that § 553 preserved. The debts arose prepetition

more than 90 days before the petition date, none of the exceptions under § 553(a) are applicable, and the debts are mutual as set forth herein. Accordingly, Olive is entitled to setoff Edwards Specialties' judgment in the original total amount of $1,735,944.24, plus accrued interest, by the face value of the assigned judgments he holds against Edwards Specialties and Edwards pursuant to ALA. CODE § 6-8-80 and 11 U.S.C. § 553 in the original total amount of $796,589.98, plus accrued interest.

An Order consistent with this Memorandum Opinion will be entered separately.


**IT IS SO ORDERED.**

Dated this the 6th day of July, 2016.

/s/  Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

21